Lawrence LeBrew on behalf of Appellant Waheeda Shaheed and DeGreed Shaheed. If at any moment the court can't hear me clearly, please let me know and cut me off so that I can make adjustments, please. You'll have, as you know, two minutes of uninterrupted argument. Thank you, Your Honor, and I'm asking for two minutes for rebuttal. Yes, you have two minutes for rebuttal. The basic history and issue in this case is whether the two family court orders authorize police officers to make a forcible entry into Waheeda Shaheed's apartment. We say that they don't. The basic history of this case is Waheeda Shaheed lives in her apartment with her two minor children at the time and her two adult children, son Noah Shaheed and daughter DeGreed Shaheed. Sometime a few weeks before the June 2nd family court order was issued, the daughter was in school and a teacher noticed some marks on her arms which were healed and they called ACS. ACS started an investigation and apparently they went through an ex parte process with the court to get this order in June. Now, this was supposed to be emergency but some weeks passed before they got the initial order on June 2nd. June 2nd, they came to the home with a family court order to remove the children that was addressed to peace officers and police officers forcibly entered the apartment. Our position is that the family court order, even though it's a valid family court order and probable cause was found to remove the child, the order didn't authorize a forcible entry into the apartment and it didn't authorize the police officer to execute the order. Our position is when they came with that order, if they could not get into the apartment, then they should have gotten a warrant to enter that apartment. There's no fact showing that there's any exception to the warrant requirement that transpired between the issuance of the order and the time that they went into the apartment. After the children weren't present in the apartment, Noah Shaheed, Degreed Shaheed, and Waheeda Shaheed were arrested. Several weeks later, a second order was obtained and this was an investigative order to go into the apartment to investigate. The statute under which that order was issued specifically stated that police officers were not supposed to enter the apartment unless they had a search warrant. What's interesting is that in the weeks between the two orders, it went from a removal order to an investigative order. Dr. LaBrue, this is Judge Katzman. I'm wondering if you could help me. Could you show me, explain to me which rulings you are challenging on appeal? There are requirements under the federal rules of appellate procedure 28 that the briefs specify which of the district court's many rulings that the plaintiffs challenge. I'd like to know from you which specific rulings are you challenging? I'm challenging two specific rulings that we believe form the basis of all the other rulings. First, on the motion for partial summary judgment, our position is that the court found that the police had the right to enter the apartment under that order and they had probable cause to arrest. Our position is that as a legal point, they didn't have that authority under that order to do that. With the first order on the June 2nd incident, our position is that that order didn't authorize a forcible entry to the apartment. We recognize in the brief that the brief may not have been the most artfully drafted brief. There's room to grow there. This is not a brief on the level of Irving Younger or Alexander Bickel, but we don't think it warrants the draconian remedy of dismissal as articulated by the other side. Those are the basic issues we are challenging here. We believe that those two rulings form the predicate for almost every ruling in the case. Your principal argument, as I understand it, and correct me if I'm wrong, is that family court orders can't authorize police officers to enter people's homes. How do you square that position with Sutherland v. City of New York, where the court said that in child abuse investigations, a family court order is equivalent to a search warrant for Fourth Amendment purposes? It is the equivalent to a search warrant for First Amendment privileges. First, Sutherland was factually different from that case. Second, our position is that the probable cause analysis for the family court and a search warrant is the same, but they're directed towards two different purposes. The family court order authorizes removal of the children. It directs it to a peace officer, but the statute underlying the order doesn't authorize a forcible entry. It's equivalent to a search warrant in that the analysis is, is there a probable cause to believe that a child has been traumatized or in danger or what have you at a particular location, whereas under New York law and federal law, a search warrant is their probable cause to believe that the instrumentality of a crime, generally speaking, will be found at a location. Also, I ask, and I ask you this, when you, going back to Sutherland, you say that the Sutherland is factually different from this case. And in reading your brief, you, again, correct me if I'm misunderstanding. You, you say that Sutherland didn't involve police officers, but when you look at the Sutherland opinion, it explicitly says that it did involve police officers. But it didn't involve police officers forcibly entering a home. All right. Judge Bianco. Yes. Thanks, Judge Katzmann. I just want to go back to the, on page 1014 of the joint appendix, with respect to the second family court order, doesn't it have language in there saying a person conducting a child protective investigation accompanied by police are authorized to enter the above premises using forcible entry to determine if the children are present and proceed with the investigation? So didn't the order itself indicate that they could use force on that thing? My reading of the order is that it did not authorize force. Am I misreading, misreading that sentence? What page are you looking at, one more time? 1014, a person conducting a child protective investigation accompanied by police are authorized to enter the above premises using forcible entry to determine if the children are present and to proceed thereafter with the investigation. And that's 1014 of the brief, the appendix. The appendix. Just one second, Your Honor. Just bear with me, Your Honor. I want to address that issue for the court. Can you give me the particular volume, Your Honor, if you have it? Yeah, I don't have the volume. But on the earlier date, my question to you on that, because that order, although putting aside Sutherland for a minute, but that order didn't specify it. But correct me if I'm wrong, my understanding is that it was undisputed on the earlier date that the other adult child opened the door. There was a dispute about what happened after he opened the door, but it wasn't undisputed. Didn't even your client agree that Noah, I think his name is, opened the door? He opened the door, Your Honor, but he was still behind the threshold of the door. Our position is that opening the door doesn't authorize entry if you're behind the door, Your Honor. There was no forcible entry. And then the police testified and obviously the jury had to resolve this issue that there was then for it that the police officers pulled into the house. There was a struggle. So but my only point to you is that there was no there was no forcible entry before he opened the door and then the jury was determining what happened after that, right? Well, my position is our position is that based on the facts and the testimony, he opened the door. There was a discussion. He went to close the door and then the officer stuck his foot in the door and forced his way in the apartment. Our position is that as because he didn't have a right to cross the threshold of the apartment to come into the apartment. All right. Thank you. And I'm scrolling right down to that page now. Maybe you can recover. You can address it on rebuttal. You have two minutes to do with them. Okay. I'm looking at it now. So I can't address that. It does say that. Oh, well, go ahead, Your Honor. Are we moving forward? And I'll come back on the rebuttal as you said. Well, let's do it this way. Are there any other questions for Mr. Lebrun at this time? No, thank you. Okay. Mr. Lebrun, you'll have two minutes in in rebuttal. Okay, great. Thank you. Well, now hear from your adversary. Good morning, Your Honor. May it please the court. Ashley Garmin on behalf of defendants at police. Pleaded brief leaves this court in an unenviable position. First, their brief appears to raise claims, most strikingly, unlawful entry claims that plaintiffs never pleaded in their complaints. And as Your Honor, Judge Tasman pointed out, the brief also does not provide any context for a plaintiff's various legal arguments, including factually lumping together two different incidents and failing to identify really which specific rulings at which stages in the proceedings plaintiffs are challenging. And so while we submit the dismissal of this appeal for violation of Federal Rule of Appellate Procedure 28 would certainly be appropriate. And we've nonetheless tried to respond to what we believe plaintiff's arguments are. And if the court has our substantive arguments, so I would just like to address a few points that arose during Mr. Lebrun's presentation. First of all, I would like to just clarify, as I stated previously, despite what plaintiff's brief implies, there was never any unlawful entry claims pleaded in this case. So our understanding of plaintiff's arguments is that their contention is that the officers were not engaged in the lawful official function with the purposes of the crime of obstruction of governmental administration because they were executing this order without a search warrant. I take Mr. Lebrun to now be conceding that the family court order was explicitly authorized, issued by the court upon a finding of imminent risk to the minor children's life and health. And certainly under this court's precedence, including the Sutherland-Nicholson-Pennenbaum cases, those types of orders are the equivalent of a search warrant, of a warrant for Fourth Amendment purposes. And it appears that Mr. Lebrun's plaintiff's contentions now, based on his presentation to this court, are really truthful, that that order didn't permit forcible entry on either occasion, and that that order could not be executed, if at all, by a peace officer. With respect to the second point, plaintiffs raised this peace officer argument for the very first time in the reply on appeal. And we submit that that is respectfully a frivolous argument. It is a distinction without a difference. And certainly elsewhere in the Family Court Act, specifically Section 1024, the statute makes it very clear that police officers in particular, as well as peace officers, have an obligation to protect the health, to take all necessary measures to protect the child's life or health. With respect to the allegation that the orders did not permit forcible entry, as Judge Bianco pointed out, with respect to the order that was issued on June 29th, 1014 in the record, it could not be clearer that, first of all, it is addressed to police officers based on an implicit finding of probable cause, and that it specifically permits forcible entry. And plaintiffs do not appear to contest that they physically resisted officers' efforts to who, of course, were found to have been an imminent risk to their life or health. This is Judge Katzmann. I'd like to ask you, along the lines that you've been presenting, a few questions regarding possible differences between the June 29th Family Court order and the June 6th order. First, the June 29th order is an order apparently authorizing entry, and it explicitly says that ACS may seek police assistance and forcibly enter plaintiff's department. In comparison, the June 6th order appears to be a removal order that doesn't say any of those things. If, as you argue, removal orders do authorize forcible entry by police officers, what's the purpose of the explicit language contained in the orders authorizing entry? Yes, Your Honor. The answer to that initially lies in the history of this case. We would submit that the Family Court order that was issued on June 6th is sufficient to allow entry on its face. However, as detailed certainly in the summary judgment record and later at trial, ACS had made several attempts unsuccessfully to engage Ms. Shahid in conversations and to try to execute the order and to engage her in planning for her children, and Waheeda consistently denied recognizing the ACS and also on the June 6th incident, the police officer's authority to be able to carry out the removal order. I think in this context, the ACS worker had a few days earlier with a similar removal order attempted to execute the removal, and Ms. Shahid wouldn't open her door. I think in an abundance of caution, they went back and got the order that appears in the record at 1014, making it explicitly clear what the court was allowing the officers to do because of the prior interactions with Ms. Shahid. Let me ask you this relatedly. You talk about the ACS workers who obtained a removal order on June 26th, and they took the order to the NYPD officers. It's my understanding that NYPD officers informed the ACS workers that the removal order was insufficient to authorize forcible entry. Correct me if I'm misunderstanding. That led the ACS workers to then go back to the family court and get the June 29th order authorizing entry. So, if that's all correct, if the June 26th removal order was insufficient to authorize forcible entry, why were the June 6th orders sufficient? Well, first of all, Your Honor is correct that that is what the police officers told ACS. That was their view, and again, I think that it was probably in an abundance of caution given what had happened just a few weeks previously during the June 6th incident. But importantly, and I believe as Judge Bianco has pointed out, on June 6th, there was, not even the plaintiffs argued that there was any removal of the door or breaking down the door. The plaintiffs admit that the non-party son opened the door in response to the officer's knocking. And although it was disputed, the jury found overwhelmingly in the defendant's favor and credited their version of events. And what the defendant testified to at trial for the June 6th incident was that after Noah Shafee, the non-party son, opened the door, he physically attacked Officer Crosby. And so, the entry occurred, Officer Crosby's entry occurred as a result of sort of a push and pull struggle going on where the officer was actively being assaulted and was sort of brought into the apartment, upon which time he was also immediately confronted by Rahida Shaheed. And so, the facts as defendants presented them in that case, and even as plaintiffs really testified, did not constitute a forcible entry at all. Thank you. Judge Bianco? I just have one question. I just want to make sure I understand that the initial point you made, I guess the threshold point was, and I reviewed the amended complaint too, maybe Mr. LeBreux will address this on rebuttal, but I don't think there was an illegal entry claim in the amended complaint that was filed on January 20th of 2017. There was a false arrest claim, obviously excessive force, but there was no claim for illegally entering the apartment on that date, right? That is correct. On either date. Right. On either date. Okay. All right. Thank you, Judge Katzmann. Thank you. Judge Newman, any questions? No. No, thank you. Thank you. Ms. Garman, you may continue if you have anything you'd like to add. No, Your Honors. If there are no further questions from the panel, we will rest on our submission. Thank you very much. Thank you. Mr. LeBreux, you'll have two minutes. Yes. Going back to the court's question regarding the family court order on June 29th, 2012. That order was issued pursuant to Family Court Act 1034, and a copy of that statute has been provided. The statute specifically provides in 1034 subsection 2F that a police officer will not protest verbatim, provided, however, that law enforcement may not enter the premises where the children are believed to be present without a search warrant or other constitutional basis for entry. The order also references the criminal procedure law. Our position is that even though the family court authorized forcible entry in this civil matter before the police could intercede, the statute in the family court wanted them to go get a search warrant to enter the apartment. If the court does not have additional questions regarding that issue, I'll move to the entry for the first date on June 6th. Please proceed. On June 6th. I have one minute left. Okay. On June 6th, when the officer put his foot in the door, that was the search. The predicate for everything here is the entry into the apartment. Even if that wasn't pled in the complaint, okay, legally, if you can't come in, our position is you don't have anything else. Thank you, Your Honor. Thank you. Thank you both for your arguments. The court will reserve decision. The final case on the calendar, Kramer v. State of Connecticut, is on submission. The clerk will adjourn court. Court stands adjourned.